Milbank
NEAL KUMAR KATYAL
Partner
1101 New York Ave. NW | Washington, DC 20005
T: +1 (202) 835-7505
nkatyal@milbank.com | milbank.com

August 19, 2026

**By Electronic Filing**
Hon. Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

**Re: *KalshiEX LLC v. Cafferelli*, No. 26-2239**

Dear Ms. Wolfe,

On August 18, 2026, Defendants filed an opposition to Kalshi's emergency motion for an injunction pending appeal and proposed to file a lengthier response on August 24. Kalshi respectfully submits this short reply to Defendants' filing, reserving the right to reply to any additional opposition filed by Defendants.

*First*, Defendants offer almost no defense of the district court's decision on the merits. They do not attempt to explain how their effort to exercise concurrent regulatory jurisdiction over Kalshi's event contracts is plausibly consistent with the CFTC's "exclusive jurisdiction" over DCM-traded instruments. 7 U.S.C. § 2(a)(1)(A). They similarly do not defend the district court's conclusion that no conflict exists because Kalshi could obtain a license to operate in Connecticut. Mot., Ex. C, at 30. That prospect is flatly impossible—as the CFTC has confirmed—both because DCMs cannot operate state-by-state and because all three of Connecticut's wagering licenses have already been issued. Mot. 15. Further, Defendants ignore the CFTC's recent emergency order, which underscores the irreconcilable conflict between state and federal law by ordering Kalshi to disobey a potential state-court TRO, which the CFTC has determined would pose an "existential threat" to the nationwide markets the CFTC oversees. Mot., Ex. B, at 5.

*Second*, Defendants cite the Sixth Circuit's decision denying Kalshi an injunction pending appeal in *Kalshiex LLC v. Schuler*, No. 26-3196, 2026 WL 1295806 (6th Cir. Apr. 24, 2026) (per curiam). But that unpublished decision, which contravenes the Third Circuit's more thorough decision in *KalshiEX LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026), does not help Defendants. The Sixth Circuit found "the issues in this appeal close" and acknowledged that Kalshi had "raised serious questions on the merits." *Schuler*, 2026 WL 1295806, at *1, *6. The Sixth Circuit denied preliminary relief principally because it concluded that the CEA's exclusive-jurisdiction provision "would represent an unusual express-preemption provision." *Id.* at *4. But that conclusion is

mistaken. In *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218 (1947), a seminal preemption case, the Supreme Court held that a statute granting "exclusive" "jurisdiction" to a federal regulator preempted state law. *Id.* at 233-234 (citation omitted). Numerous other decisions interpreting similar statutory language likewise hold that it plainly preempts state law. *See, e.g.*, *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 595 (7th Cir. 2001) (joined by Posner, J.) (statutory grant of "exclusive jurisdiction" to committee preempted state law). And the reason there are not more such cases is likely because the answer is so clear. The Supreme Court less than two months ago confirmed that a federal statute preempts state law where it gives an agency "comprehensive and exclusive authority." *Monsanto Co. v. Durnell*, 146 S. Ct. 2001, 2008 (2026). As particularly relevant here, this Court has squarely held that the CEA's grant of exclusive jurisdiction to the CFTC "preempts the application of state law." *Leist v. Simplot*, 638 F.2d 283, 322 (2d Cir. 1980) (Friendly, J.). The court below did not even cite that binding authority.

*Third*, Defendants cannot plausibly dispute Kalshi's irreparable harm. Defendants have demanded that Kalshi immediately cease offering event contracts to tens of thousands of customers in Connecticut. Mot., Ex. A, at 1-2. Defendants do not contend that Kalshi could obtain compensation for this harm if it were to prevail on appeal. Opp. 4; *see NIH v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2660 (2025) (per curiam) (monetary harm is irreparable where it cannot be recouped); *see Schuler*, 2026 WL 1295806, at *7 (observing Kalshi "likely could not recover its costs from Ohio even if successful in this litigation"). Instead, Defendants cite Kalshi's valuation and suggest that this Court's precedent requires Kalshi to prove that its " 'very viability' is at stake." Opp. 5 (quoting *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 38 (2d Cir. 1995)). But that standard applies where "money damages are available" to the moving party, *Tom Doherty Assocs.*, 60 F.3d at 38, and here they are not. Indeed, the same precedent Defendants cite makes clear that harm *is* irreparable where damages are unavailable, including in cases where the moving party "demonstrated that some customers would cease dealing with it" absent an injunction. *Id.* at 37. Moreover, events in New York refute Defendants' suggestion that Kalshi's harms are "speculative." Opp. 4. After the Southern District of New York denied Kalshi a preliminary injunction, the New York Attorney General responded by filing a lawsuit seeking to prohibit *all* of Kalshi's event contracts (not just contracts involving sports), to shut Kalshi down nationwide (not just in New York), and to subject Kalshi to a minimum *$36 billion* in damages. *See New York ex rel. James v. KalshiEX LLC*, No. 1:26-cv-6550 (S.D.N.Y. filed July 31, 2026); Mot., Ex. B, at 2-3.

*Finally*, Defendants cite no case concluding that the equities favor enforcement of a preempted law. To the contrary, the government has no interest in violating the Supremacy Clause. *See N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013). Defendants broadly assert that their laws "protect[ ] the public as a whole," Opp. 5, but they fail to identify a single Connecticut user allegedly harmed by Kalshi. While Defendants cite the loss of revenue from Kalshi's customers, *id.*, unlike Kalshi, Defendants may seek to recover any claimed economic losses if they prevail on the merits.

For these reasons and those more fully described in its motion, Kalshi respectfully requests that the Court issue an injunction pending appeal.

Respectfully submitted,

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal

*Counsel for Plaintiff-Appellant KalshiEX LLC*

cc: All counsel of record via ACMS